UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 18-cr-332 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | Judge Sharon Johnson Coleman |
| JOHN HUMMONS | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Defendant John Hummons' motion requesting that the undersigned recuse herself from his case pursuant to 28 U.S.C. § 455(a), or, in the alternative, allow him to seek a writ of mandamus compelling recusal or conduct an evidentiary hearing on the disqualification issues raised in his motion. For the following reasons, the Court denies Hummons' motion [227].

## STATEMENT

On January 10, 2023, Hummons, acting *pro se*, filed a motion requesting that this Court recuse herself from future proceedings, arguing that the undersigned has demonstrated bias against him. In this motion, Hummons recounts his prior criminal case, *United States v. Hummons*, No. 12-cr-887 (N.D. Ill.) (Castillo, J.), which resulted from the Chicago ATF's phony stash house operation. There, then-Chief Judge Castillo issued an opinion suppressing evidence obtained during this operation. *Id.* at ECF No. 98. Hummons maintains that this case consequently made him a target of agents and prosecutors, including the undersigned who previously served as a prosecutor. According to Hummons, this Court has stressed its knowledge of Hummons' current case and by implication the stash house cases, and "has stated that she knows what Hummons is doing and will not allow it to happen." (Dkt. 227.) Hummons suggests that this Court improperly knows more about the case than he does because the government, Court, and defense counsel have prevented

1

him from receiving discovery. He contends that the Court may have had *ex parte* communications with the U.S. Attorney's office and questions whether the undersigned will allow him to profess his innocence or argue his guilty plea was coerced if she continues to preside over the case.

Hummons contends that recusal is proper because the undersigned's impartiality can be reasonably questioned in this case. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned."). "Partiality is assessed from the perspective of an objective, well-informed, thoughtful observer," *Turner v. City of Chicago*, No. 22-1612, No. 22-2461, 2023 WL 2810055, at *2 (7th Cir. 2023) (internal citations omitted), and recusal is appropriate when "an objective, disinterested observer fully informed of the reasons for seeking recusal would entertain a significant doubt that justice would be done in the case," *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020) (internal citation omitted).

This Court does not see a reason to recuse herself. To the extent Hummons claims this Court has "stated that she knows what Hummons is doing and will not allow it to happen," the undersigned emphasizes that she has no intention to stop Hummons from pursuing his case and the rights to which he believes he is entitled. This statement, which the Court admits to saying, referenced Hummons' influence over his co-defendant Tyree Ruth, who has a below average IQ, and was not a remark regarding any future proceedings. This notwithstanding:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Hummons has not pointed to—nor does this Court have—any opinion that fits this criterion.

There is no basis for recusal in Hummons' remaining contentions, either. First, his allegation that the undersigned has had *ex parte* communications with the U.S. Attorney's office

2

about his case is mere speculation and false. *Cf. United States v. Atwood*, 941 F.3d 883, 884–86 (7th Cir. 2019) (finding Judge Bruce should have recused himself from sentencing after having extensive *ex parte* communications with the U.S. Attorney's office and after facing complaints about this conduct). Second, simply because the undersigned worked as a prosecutor more than 25 years ago does not suggest she is biased here: if that were the case, many judges would never be able to preside over a criminal case. Third, the Court's familiarity with the stash house cases has not influenced any of the Court's rulings in this case, which is not a stash house case, nor has Hummons demonstrated any such impact. *See, e.g., United States v. Kowalski*, No. 19 CR 226-1, 2022 WL 3445846, at *20 (N.D. Ill. Aug. 17, 2022) (Kendall, J.). Finally, this Court's knowledge of the case at hand shows no bias but is merely the realistic consequence of a case originating in 2018 that nearly went to trial in 2019.

The Court also does not see a basis for recusal under the Due Process Clause. Under this Clause, "[w]hether a judge should be recused is an objective inquiry; courts do not ask whether the judge is actually, subjectively biased, but whether the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *United States v. Williams*, 949 F.3d 1056, 1061 (7th Cir. 2020) (internal citations omitted). For the reasons expressed above, this case does not fit this standard. The Court declines to grant Hummons an evidentiary hearing as he has not demonstrated such a hearing is warranted. Lastly, it is not the province of this Court to issue an order compelling a writ of mandamus: that is for the Seventh Circuit to decide. Hummons' *pro se* motion for recusal is thus denied without prejudice.

IT IS SO ORDERED.

Date: 5/18/2023

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge

3